UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LATIF B. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of the Social Security Administration,<br><br>    Defendant. | CASE NO. 11cv5043 RBL JRC<br><br>REPORT AND<br>RECOMMENDATION ON<br>PLAINTIFF'S COMPLAINT<br><br>NOTED FOR: February 3, 2012 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by Mathews, Secretary of H.E.W. v. Weber, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. (See ECF Nos. 14, 17, 18).

The ALJ's finding that plaintiff had past relevant work as a cook helper is not supported by substantial evidence in the record as a whole. For this reason, and based on the relevant record, the undersigned recommends that this matter be reversed and

remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, LATIF B. DAVIS, was twenty-eight years old on his alleged disability onset date of October 22, 2004 (see Tr. 99). Plaintiff served in the U.S. Air Force from May, 1997 through October, 2004 and attained the rank of Staff Sergeant (Tr. 30, 709, 713). He did not see combat and received a medical discharge (Tr. 713). In June, 2004, plaintiff was hospitalized on a psychiatry ward for a week and one half while stationed in Japan because he could not stop crying (Tr. 710). He was hospitalized for a nervous breakdown again in August, 2004 for three or four days (Tr. 710).

On October 17, 2004 -- five days before plaintiff's alleged disability onset date -- plaintiff was admitted to the Madigan Army Medical Center psychiatric unit for three days for depressed mood and homicidal ideation (Tr. 241-43). He was assessed as having "fairly clear depressive disorder" as well as possibly "displaying evidence of mild psychosis as well" (Tr. 239). Dr. Michael A. Coln, M.D. ("Dr. Coln") assessed plaintiff's mental status and noted that plaintiff stared at the ground throughout the interview (Tr. 238-39). Plaintiff's affect was "predominantly dysphoric and tearful," and his thought processes were circumstantial and at times bizarre" (Tr. 238). Dr. Coln indicated that plaintiff demonstrated thought "slowing and/or blocking" due to his "very slow responses to questions" (id.). He also indicated that plaintiff appeared "mildly disorganized on the ward and at time suspicious" (id.). Dr. Coln assessed that plaintiff's insight was poor, although his judgment was good (id.). Plaintiff's symptoms were corroborated by his

wife, who additionally described "odd behaviors and a decompensation in his ability to negotiate previously easy tasks," such as driving and finding an apartment (Tr. 237).

PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits alleging disability onset of October 22, 2004 (Tr. 99). After this application was denied initially (Tr. 51), his second application (see Tr. 104) was denied initially (Tr. 58), and his third application (Tr. 109) was denied initially (Tr. 61) and following reconsideration (Tr. 67). Plaintiff then requested a hearing (Tr. 69). Plaintiff's requested hearing was held before Administrative Law Judge Verrell Dethloff ("the ALJ") on January 30, 2009 (Tr. 27-49). The ALJ issued a written decision on March 25, 2009 finding that plaintiff had not been disabled as defined in the Social Security Act from his alleged onset date of October 22, 2004 (Tr. 11-26).

On November 30, 2010, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-5). See 20 C.F.R. § 404.981. Plaintiff filed a complaint seeking judicial review in this Court on January 14, 2011 (ECF No. 1). Defendant filed the sealed administrative record in this matter ("Tr.") on March 22, 2011 (see ECF No. 9).

In his Opening Brief, plaintiff questions whether or not the ALJ: (1) properly found that plaintiff had past relevant work as a cook helper (see ECF No. 14, p. 1);(2) correctly found that plaintiff's past relevant work as a cook helper accounted for plaintiff's need for visually-presented material; (3) accommodated plaintiff's low stress tolerance regarding social demands (see id.); (4) did not evaluate properly plaintiff's

Department of Veterans Affairs disability rating; (5) did not evaluate properly opinions of psychologist Dr. Covell (see id.); and *de facto* reopened the initial denials of plaintiff's first and second applications (see id.).

## STANDARD OF REVIEW

Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering the plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing* Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting* Davis v.

Heckler, 868 F.2d 323, 325-26 (9th Cir. 1989)); see also Richardson v. Perales, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (1996) (per curiam) (*quoting* Andrews, supra, 53 F.3d at 1039). In addition, the Court "'must independently determine whether the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" See Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing* Moore v. Comm'r of the Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." Bray v. Comm'r of SSA, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing* SEC v. Chenery Corp., 332 U.S. 194, 196 (1947) (other citation omitted)); see also Stout v. Commissioner of Soc. Sec., 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, supra, 454 F.3d at 1054 (*citing* Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be

considered harmless where the error is irrelevant to the ultimate disability conclusion. Stout, supra, 454 F.3d at 1054-55 (reviewing legal errors found to be harmless).

## DISCUSSION

1. <u>The ALJ erred in finding that plaintiff had past relevant work as a cook helper</u>.

At step-four in the evaluation process, the ALJ must determine if an impairment prevents the claimant from doing past relevant work. See 20 C.F.R. § 404.1520(f). If the ALJ finds that the claimant has not shown an incapability of performing past relevant work, the claimant is not disabled for social security purposes and the evaluation process ends. See id. Plaintiff bears the burden to establish the inability to perform past work. See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). However, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. (Footnote and citations omitted).

Past relevant work is work that was "done within the last 15 years, lasted long enough for [one] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a). According to the relevant federal regulation, the Administration usually does not consider that work applies as past relevant work if it was done 15 years or more before the time of the Administration's decision regarding disability. 20 C.F.R. 416.965(a). This is because a "gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." Id. The "15-year guide is intended to insure that remote work experience is not currently applied." Id.

Plaintiff contends that the ALJ erred in concluding that plaintiff had past relevant work as a cook helper because the relevant work did not occur within the previous fifteen years of the ALJ's written decision (see Opening Brief, ECF No. 14, pp. 5-6). Defendant contends that although plaintiff's official earnings record does not reflect that plaintiff's relevant work at McDonalds was within the relevant fifteen year period, plaintiff indicated that he was working at McDonalds during that time (see Response, ECF No. 17, pp. 4-6). Defendant contends that the ALJ properly relied on the statements by plaintiff, who allegedly suffers from memory impairments (see Tr. 503), regarding the timing of his work from fifteen years prior, over the official earnings record (see id., p. 6). If the ALJ had acknowledged the significant, probative evidence of the official earnings record, and explicitly reasoned why it was not found to be dispositive, this argument may have merit (see Tr. 26). See also Bray, supra, 554 F.3d at 1226-27 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ").

However, the Commissioner "may not reject 'significant probative evidence' without explanation." Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting* Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." Flores, 49 F.3d at 571. Without a discussion by the ALJ of the significant probative evidence of plaintiff's earnings record, which demonstrates that plaintiff did not work as a cook helper in the past fifteen years, the Court cannot affirm the ALJ's finding that plaintiff worked as a cook helper in the previous fifteen years. See

id. The Court would point out that McDonald's employment records are likely more accurate than employment records by other, smaller businesses. The ALJ should, at least, have explained why he choose to ignore those records and, instead, rely on the admittedly imperfect memory of the plaintiff.

The Court therefore concludes that the ALJ's finding that plaintiff worked as a cook helper within the previous fifteen years was not supported by substantial evidence in the record. See id.; Magallanes, supra, 881 F.2d at 750. As past relevant work is work that was "done within the last 15 years," 20 C.F.R. §§ 404.1565(a), 416.965(a), the Court also cannot affirm the finding by the ALJ that plaintiff had past relevant work as a cook helper. See 20 C.F.R. §§ 404.1565(a), 416.965(a). The ultimate finding by the ALJ that plaintiff was not disabled pursuant to the Social Security Act was based on his finding that plaintiff was capable of his past relevant work as a cook helper (see Tr. 26). For this reason, and based on the relevant record, the Court concludes that this matter should be reversed and remanded to the Commissioner for further administrative proceedings. See Bayliss, supra, 427 F.3d at 1214 n.1.

Plaintiff also contends that the ALJ's finding that plaintiff's work as a cook helper was consistent with his need for visually presented material and his need for a low stress environment is not supported by substantial evidence (see Opening Brief, ECF No. 14, pp. 6-8). However, the Court has already found that the ALJ's finding regarding plaintiff's past relevant work was not proper. Therefore, these contentions by plaintiff about the details of plaintiff's work are also called into question. If the ALJ again finds that plaintiff had past relevant work as a cook helper, based on the relevant record, then

the Court finds that the record should be developed further as to the functional requirements for plaintiff's work both as performed and as generally required by employers throughout the national economy. See Pinto, supra, 249 F.3d at 844 (citation omitted).

2. The ALJ did not evaluate properly plaintiff's Department of Veterans Affairs disability rating.

Regarding the weight to be given to a disability determination by the U.S. Department of Veterans Affairs ("VA"), the Ninth Circuit has agreed "with the approach of the Fourth, Fifth, and Eleventh Circuits and h[e]ld that in an SSD case an ALJ must ordinarily give great weight to a VA determination of disability . . . because of the marked similarity between these two federal disability programs." McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (citations omitted) (noting various similarities between the programs). The Court further concluded that "the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." Id. (citation omitted).

In this matter, the ALJ erred by finding that the "record does not include the actual VA decision" (see Tr. 25). On October 29, 2007 the VA found that plaintiff was entitled to individual unemployability, as indicated in the record (Tr. 670-71). The ALJ did not mention this VA finding, although he noted the VA rating of 70% bipolar disorder (Tr. 25). The ALJ did not credit fully the VA determination regarding the bipolar disorder as he found it inconsistent with the record as discussed elsewhere in the ALJ's decision and

because of the difference between the VA and the Social Security Administration in their evaluation processes to determine disability (id.).

Regardless of differences between the programs, the courts have found marked similarities between the Social Security and VA programs, and the Ninth Circuit has indicated that "an ALJ must ordinarily give great weight to a VA determination of disability." See McCartey, supra, 298 F.3d at 1076. Here, the ALJ did not do so, and did not give persuasive, specific, and valid reasons for failing to give great weight to the VA finding of disability based on individual unemployability. See id. Following remand of this matter, the VA disability findings should be assessed anew.

3. <u>The ALJ did not evaluate properly opinions of psychologist Dr. Covell</u>.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician or psychologist. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (*citing* Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even if an examining physician's or psychologist's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, supra, 81 F.3d at 830-31 (*citing* Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, supra, 157 F.3d at 725 (*citing* Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

In addition, the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. Reddick, supra, 157 F.3d at 725 (*citing* Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988)). However, the ALJ "need not discuss *all* evidence presented." Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). The ALJ must only explain why "significant probative evidence has been rejected." Id. (*quoting* Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, supra, 81 F.3d at 830 (citations omitted); see also 20 C.F.R. § 404.1527(d). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. Lester, supra, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." Tonapetyan, supra, 242 F.3d at 1149 (*citing* Magallanes, supra, 881 F.2d at 752). "In order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." Van Nguyen v. Chater, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing* Lester, supra, 81 F.3d at 831).

According to Social Security Ruling ("SSR") 96-8p, a residual functional assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5 at *20.

On January 21, 2008, Dr. Christmas Covell, Ph.D. ("Dr. Covell") examined plaintiff and conducted a mental status examination, including the evaluation of results of multiple psychological assessment tests (Tr. 494-503). She interpreted plaintiff's test results as overall demonstrating that plaintiff had "difficulty holding auditory and visual-spatial information in temporary storage" (Tr. 500). She specified that plaintiff demonstrated "deficiencies in his immediate memory for information presented auditorily" (id.).

Dr. Covell provided specific opinions regarding plaintiff's functional limitations (Tr. 503). She opined that plaintiff demonstrated:

> Disruptions in his mood, mild deficits in attention, concentration, and executive function and moderate limitations in his immediate memory, particularly for orally presented information. He is likely to demonstrate mild to moderate difficulty with concentration, judgment, and reasoning, particularly in high demand chaotic, or unfamiliar environments. He is further anticipated to have difficulty with speed of performance, and to struggle to adapt to demands for change. He demonstrates relative strengths in his interpersonal skills, and will likely get along adequately with coworkers and supervisors. He is able to persist in tasks for moderate lengths of time, and follow simple instructions, though this may be limited to relatively simple tasks performed in low stress or distraction free environments. It is anticipated that [plaintiff] will show greater deficits in these areas during periods of greater mood disruption, noted to occur every several months.

(Tr. 503).

Dr. Covell assessed limitations that were not accommodated for or addressed in the ALJ's determination regarding plaintiff's residual functional capacity ("RFC"), such as difficulty with speed (see Tr. 503; see also Tr. 238 (plaintiff demonstrated thought "slowing and/or blocking"), Tr. 673 ("responses were notably slow")), and greater

functional deficits approximately every several months "during periods of greater mood disruption" (see Tr. 503). However, the ALJ failed to explain why these opinions by Dr. Covell were not adopted in his RFC (see Tr. 19-20), committing harmful error. See SSR 96-8p, 1996 SSR LEXIS 5 at *20. The ALJ did not provide specific and legitimate reasons for the rejection of the opinions of Dr. Covell regarding all of plaintiff's functional limitations and Dr. Covell's opinions therefore should be assessed anew following remand of this matter. See Lester, supra, 81 F.3d at 830-31.

  4. The ALJ *de facto* reopened the initial denials of plaintiff's first and second applications.

Plaintiff contends that the ALJ *de facto* reopened the initial denial of plaintiff's March, 2006 and October, 2006 disability applications by adjudicating the merits of plaintiff's claim from his alleged onset date of October 22, 2004, as similarly alleged in his March and October, 2006 applications (see Opening Brief, ECF No. 14, pp. 12-13). Plaintiff contends that his filing of his subsequent claims with the identical alleged date of disability onset was an implied request to reopen the earlier applications (see id., p. 13 (*citing* POMS DI 27501.005, available at http:/policy.ssa.gov/poms.nsf/links/0427501005)). According to the internal operating policies of the Social Security Administration, which are not binding on the Administration, a party to the decision requests reopening by filing a new claim and alleging an onset of disability in the period adjudicated by the prior denial. See POMS DI 27501.005(B)(1)(a), available at http:/policy.ssa.gov/poms.nsf/links/0427501005; see

also Schweiker v. Hansen, 450 U.S. 785, 789 (1981), *superseded on other grounds*, Pub. L. 101-239, § 10302; Berger v. Apfel, 200 F.3d 1157, 1162 (8th Cir. 2000).

Defendant responds that this Court should not recognize that the ALJ *de facto* reopened the prior applications because the decision to reopen is a discretionary decision not subject to judicial review (see Response, ECF No. 17, p. 15). However, as plaintiff noted in his Reply, the fact that a decision by an ALJ whether or not to reopen prior applications is not subject to judicial review does not indicate that the Court may not find that an ALJ has in fact reopened the prior applications (see Reply, ECF No. 18, p. 11). In addition, in Lewis, the Ninth Circuit concluded that because the ALJ in Lewis had considered "on the merits" whether or not the claimant was disabled during an already adjudicated time period, the ALJ had *de facto* reopened the prior application, and therefore, *res judicata* did not apply. Lewis v. Apfel, 236 F.3d 503, 510 (9th Cir. 2001). The court found that in such circumstances, "it is appropriate for the Court to treat the ALJ's actions as a *de facto* reopening." Id.

Here, plaintiff alleged the identical onset date of disability in all of his applications. Therefore, in the ALJ's written decision, in which he explicitly determined whether or not plaintiff was disabled regarding plaintiff's October, 2007 application, the ALJ necessarily considered "on the merits" whether or not plaintiff was disabled during the already adjudicated time period from the previous applications. In addition, at the beginning of plaintiff's hearing, the ALJ admitted into the record all of the Exhibits pertaining to plaintiff's prior applications (see Tr. 29; see also Reply, ECF No. 18, pp. 11-12). For these reasons, and based on the reasoning in Lewis, the Court finds that the

ALJ *de facto* reopened plaintiff's previous applications. See Lewis, supra, 236 F.3d at 510.

CONCLUSION

The ALJ's finding that plaintiff had past relevant work as a cook helper is not supported by substantial evidence in the record. For this reason, and based on the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 3, 2012, as noted in the caption.

Dated this 10th day of January, 2012.

_____
J. Richard Creatura
United States Magistrate Judge